No. 21,759.

ORVILLE BISHOP, as Guardian, etc., *Appellant,* v. W. M. ROBERTS and PATSY ROBERTS, *Appellees,* et al.

### SYLLABUS BY THE COURT.

BENEFIT INSURANCE—*Attempt to Change Beneficiary—By-law Not Observed—Equitable Fulfillment.* Equity may not ignore the positive inhibition of a by-law of a beneficiary society making any change of beneficiary ineffective without surrender of the old certificate and the issuing of a new one, and may not regard a new certificate as having been issued, when no one of several reasonable requirements of the by-laws relating to change of beneficiary has been complied with, and the society has not been placed in a position in which it might have issued a new certificate, but for the member's death.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed February 8, 1919. Affirmed.

*T. A. Moxcey,* of Atchison, for the appellant.

*W. F. Means,* of Hiawatha, and *Robert H. Kane,* of Denver, Colo., for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the proceeds of a benefit certificate issued to a member of the Degree of Honor of the Ancient Order of United Workmen. The plaintiff was defeated, and appeals.

The certificate was issued to Mrs. Lina D. Bishop, and designated her father and mother as beneficiaries. In the first week of January, 1917, Mrs. Bishop expressed a purpose to change beneficiaries. On January 19 a physician was called to treat her for Bright's disease. At about four o'clock in the afternoon of January 27 an attempt was made to effect the change. At that time Mrs. Bishop's condition was hopeless. She was in a toxic state, was partly conscious and rational, was aroused readily by conversation, but would soon sink back to sleep, and was growing weaker. Mrs. Bishop thought the certificate was in a dresser drawer. It was not found there, and an instrument was prepared, signed, and sworn to before a notary public, requesting the society to change the beneficiaries from her father and mother to her children. Mrs. Bishop stated to the notary what she desired to do, and he prepared the instrument accordingly. She died at nine o'clock the next morning. About three days later the certificate was found with other papers belonging to the deceased. Mrs. Bishop resided in Horton. The recorder of the local lodge lived in Horton, was at home and accessible the day before Mrs. Bishop died, and could have witnessed the change of beneficiaries had she been called on to do so. She had no notice of what was done toward changing the beneficiaries until after Mrs. Bishop's death.

The grand lodge made application to pay the money into court, stating that it admitted issuing the certificate, death of the certificate holder, and proper proof of death; that it stood neutral between the claimants; and that it was willing to pay, but had been unable to do so on account of the conflicting claims to the fund. The application was granted, the money was paid into court, and at the conclusion of the trial the court found generally for the beneficiaries named in the certificate.

The statute reads as follows:

"Within the above restrictions [confining payment of death benefits to certain classes of persons] each member shall have the right to desig-

Bishop v. Roberts.

nate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member." (Laws 1917, ch. 208, § 1.)

The by-law of the society reads as follows:

"Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may, if in good standing, do so by authorizing such change in writing on the back of her certificate in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by payment to the grand lodge of the sum of fifty cents, but no change of direction shall be valid or have any binding force or effect until said change shall have been reported to the grand recorder, the old certificate, if practicable, filed with her, and a new beneficiary certificate issued thereon, and said new certificate shall be numbered the same as the old certificate: . Provided, however, should it be impracticable for the recorder to witness the change desired by the sister, attestation may be made by a notary public or an officer of a court of record, seal to be attached in attest."

Both sets of beneficiaries must claim under the authority conferred upon the member by the statute and the by-law. The right of the plaintiff's wards must be derived from the right of the member to change her original designation of beneficiaries. That right is conditioned by the statute. The change must be made in accordance with the laws of the society. Until such a change be made, the original designation stands. If no such change be made before the member's death, the interest of the beneficiaries originally designated vests. After that the society can do nothing, by way of waiver or otherwise, to prejudice such interest or to favor an adverse interest.

The statute expresses the public policy of the state, and was enacted to protect and promote, not only the interests of fraternal associations and their members, but also the public interest. The by-law was adopted to protect and promote, not only the interests of the society and its members, but also to prevent squabbles lacking all semblance of fraternity, over death benefits. Unless the statute and the by-law be observed, embarrassing complications and perplexing difficulties will continually arise, detrimental to the best interests of the society and its members, and indirectly to the public welfare. In this instance, not a single requirement of the by-laws of the

society was complied with. The change of beneficiaries was not authorized in writing on the back of the certificate, no such change was witnessed or attested by the recorder under the seal of the lodge, or by anyone else, the fee was not paid or tendered, the change was not reported to the grand recorder, the certificate was not surrendered, and no new certificate was issued.

The plaintiff invokes the equitable doctrine that neither the literal nor the impossible is required, and that when a member has done all within her power to do, equity will do the rest. The general finding of the district court includes a finding against the plaintiff of all the facts essential to application of this doctrine. The member died in personal possession of the certificate. Because it was upstairs in a box or trunk, and not downstairs in a bureau, it was not lost or inaccessible, and it was not impracticable to produce the document and follow the by-law prescribing the steps to be taken in making the change —if the member were mentally competent to make a change. Besides this, equity cannot ignore the positive inhibition of the by-law making any change ineffective without surrender of the old certificate and the issuing of a new one, and cannot regard a new certificate as having been issued when the society has not been placed in a position in which it might have issued a new certificate but for the member's death.

The judgment of the district court is affirmed.